IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUSTIN S. HANDLE, ) | |
| ) | CIVIL ACTION CASE NO. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CITY OF DUNWOODY ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Austin S. Handle, ("Handle" or "Plaintiff"), hereby files this

Complaint against the CITY OF DUNWOODY ("Defendant" or

"DUNWOODY") alleging violations of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C.§2000e *et* seq.("Title VII").

## INTRODUCTION

This is an action brought under Title VII to correct unlawful

employment practices of gender discrimination (hostile work environment

based on sex) and retaliation for bring objections to the City of Dunwoody

based on systemic unlawful harassment based on sex known or which should

1

have been known occurring in the Dunwoody Police Department in order to vindicate Plaintiff's rights, and to make Handle whole. Over a period of years several police officers made complaints to Defendant under its harassment reporting policy regarding the on-going harassment of and protection of senior officer, Fidel Espinoza by the Chief of Police, Billy Grogan. Complaining police officers were singled out and disciplined severely for alleged minor policy violations up to and including termination while senior officers reporting directly to Grogan in violation of serious offenses were allowed to resign while maintaining police certification in avoidance of review and oversight by Georgia Police Officer Standards and Training Counsel (POST) whose mission is to provide citizens with qualified, professionally trained, ethical, and competent police officers.

## **JURISDICTION AND VENUE**

### 1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(4), 42 U.S.C. §2000e-5. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. §2000e-5(f)(g).

2.

Venue is proper in this district and division pursuant to 28 U.S.C. §
1391 because Defendant Dunwoody, a municipal entity, conducts business
in this district and division and the unlawful actions and practices alleged
herein were committed within the Northern District of Georgia.

## PARTIES

3.

Plaintiff submits himself to the jurisdiction and venue of this Court.

4.

Defendant Dunwoody is a public entity and employer subject to the
statutory authority of Title VII. This Complaint may be served in a
manner pursuant to the Federal Rules of Civil Procedure or upon the
Mayor of Dunwoody or the City Manager or their respective authorized
designated representatives.

## ADMINISTRATIVE PROCEDINGS

5.

Plaintiff filed a charge of discrimination with the Equal

3

Employment Opportunity Commission (Agency Charge Number 410-2020-05599) within 180 days of the occurrence of or the continuation of acts of which he complains. (Exhibit A).

6.

Plaintiff received a Notice of Right to Sue issued by the Department of Justice dated June 13, 2024, relating to his charge of discrimination. This civil action is instituted in the appropriate federal district court within ninety days of the receipt of said Notice. (Exhibit B).

**STATEMENT OF FACTS**

7.

Handle was hired by Defendant as a certified Police Officer with the Dunwoody Police Department and remained with the Department until terminated effective May 11, 2020, for the stated reason of untruthfulness.

8.

As of May 6, 2020, Handle had been alleged to have violated unsupportable multiple violations of policy and Georgia law which were·

4

included in a notice of a Pre-Adverse Action Hearing before then Chief of Police Billy Grogan.

9.

In such a hearing, in every case, the burden of proof is placed on the officer to show he is innocent of the asserted violations, in other words, "guilty until proved innocent" without any showing on the part of the Defendant as to underlying facts in support of the asserted violations, in other words, "throw the book at em."

10.

During Handle's Internal Affairs investigation, Handle told investigators he felt harassed by Espinoza and that he did not violate the policies of which he was accused. Nevertheless, Handle's statement of Espinoza's harassment and treatment was omitted from the summary of the Internal Affairs Investigation and Handle's final statement denying violation of the polices was set out as Handle having admitted to the violation of the untruthfulness policy which he did not admit but expressly denied.

11.

Prior to the claimed multiple reasons initially brought against Handle in

support of a termination recommendation, Handle brought complaints to the

Defendant, as did other officers, about the conduct of superior officer,

Lieutenant Fidel Espinoza, who engaged in using his position to request quid

pro quo sexual acts and other sexual favors in exchange for providing favorable

employment conditions.

12.

During Handle's Pre-Adverse Action Hearing before Police Chief

Grogan, Handle denied violation of policies set forth against him and expressed

again Espinoza's retaliatory treatment against him with the expectation Grogan

would investigate the matter further which he did not.

13.

Despite the Defendant's and Grogan's knowledge of multiple complaints

concerning Espinoza's on-going conduct Chief Grogan was authorized to

promote Espinoza from Sergeant to Lieutenant.

14.

On information and belief, Espinoza's initial employment could have

been prevented by Grogan if the Defendant had appropriately vetted Espinoza's

prior resignations from other police departments and a public records check on

6

his background.

15.

Handle was known by the Defendant's appointed management leadership and Grogan to be associated with other police officers who had reported improper conduct of Espinoza to then Chief Grogan and other members of the police department staff. Handle had informed two different supervisors during his employment that he was being harassed and targeted by Espinoza. In response, Handle was instructed by one supervisor to "try and fly under the radar," and to avoid Espinoza as much as possible.

16.

Handle and others reasonably feared retaliation by Grogan as observed in other situations against officers who Grogan learned had inappropriate interaction with Espinoza, which should have not been condoned between a supervisor and subordinate under any circumstances, who had complained about Espinoza as being subjected to hostile treatment premised on fabricated or minor offenses and their employment threatened.

17.

Defendant had taken a "no questions asked" regarding Grogan's

7

leadership regarding as police officers who had made specific complaints about Espinoza were singled out for asserted policy violations and/or accused of multiple violations without being provided specificity and had been terminated.

18.

The lude and inappropriate behavior exhibited by Espinoza, utilizing his supervisory position, began as early as <u>2017</u>.

19.

In June 2017 and following on countless occasions, Espinoza engaged in sending inappropriate sexual text messages and photos by phone to subordinate officers and requesting sexual favors in return for favorable working conditions and threatened or actual adverse treatment concerning working conditions.

20.

In April of 2018, Espinoza had taken a lewd photo of Dunwoody Police Officer Bryan Castellanos while Castellanos was exposed while using the restroom. Espinoza sought out photos of male nudity, requests for sexual acts, and sexting were engaged in by Espinoza in return for favorable treatment and receiving service commendations and for those officers who opposed such conduct, retaliation.

21.

Despite the lengthy inappropriate conduct by Espinoza, on May 11, 2020, Espinoza was allowed by Defendant to resign as a certified police officer avoiding a POST review of Espinoza and his conduct known to Defendant.

22.

Handle had been notified of his being placed under an Internal Affairs investigation at his residence by the Defendant's police department in public view of neighbors. Espinoza, after being notified that he was subject to an Internal Affairs investigation was permitted to travel to City Hall using his Defendant issued departmental vehicle.

23.

Also on May 11, 2020, the same day (it is worth repeating), Plaintiff Officer Austin Handle was terminated which automatically subjects an officer to a POST investigation.

24.

On May 14, 2020, Handle submitted a Termination Appeal to the Defendant, City Councilmembers and City Manager asserting his innocence and the harassment by Espinoza leading to his termination.

25.

In Handle's submission, he informed the Defendant of over 40 different policy violations relating to 14 city or department policies that he had been accused of violating evidencing that he had been targeted before and during the investigation for his opposition to the hostile work environment that existed in the Police Department.

26.

On May 18, 2020, after his appeal had been denied, Handle requested a "Name Clearing Hearing," provided under the Defendant's Handbook  as a policy procedure allowing a terminated employee to publicly address their termination if they contend the reason for termination was false or pretextual.

27.

On June 2, 2020, Handle was notified that the Defendant denied Handle's "Name Clearing Hearing" holding the reason for his termination was not false therefore condoning the convincing evidence which existed at that time that Espinoza had engaged in creating a hostile work environment based on sex which had been condoned by Defendant through its management.

10

28.

Almost two years to the day thereafter on May 21, 2022, POST concluded its investigation of Handle's termination and refuting the Defendant's claims against Handle, dismissed the action against Officer Handle.

29.

On June 4, 2020, the Defendant forced Handle to repay the value of the City's Employment Education yearly benefit ($2,645.00) deducted from Handle's accrued sick and leave time. The Defendant approved Handle's benefit request on January 15, 2019, and only paid the benefit on May 31, 2019. Although the Defendant's policy requires repayment if the recipient of the benefit is terminated less than one year from the date of payment, Handle's wrongful termination took place 20 days prior to the one-year requirement.

30.

Following his termination, Handle filed for unemployment insurance benefits despite having his separation recorded as a termination.

31.

Defendant zealously appealed Administration Hearing Officer decisions and two prior decisions in Handle's favor by the Georgia Department of Labor .

11

Board of Review in separate hearings to the State Superior Court after which it was determined Defendant did not meet its burden of proof for denial of unemployment benefits under the law.

32.

Although Defendant was within it right to contest benefits being paid to Handle, the minimum economic costs of paying individual unemployment benefits was far outweighed by the time and expense of litigation and particularly in view of Grogan's sworn testimony that Handle would not have been terminated for the asserted reason that lead to his termination, "a minor violation" and had not been shown to violate any departmental policies.

33.

During the time of the unemployment hearings, Handle had spoken publicly about inaction within the Police Department and therefore the City of Dunwoody concerning the numerous complaints of severe and pervasive conduct of a sexual nature engaged in by Espinoza in response to Chief Grogan's stated dismissal as to the seriousness of the conduct.

34.

Defendant failed to protect Police Department employees from violations of their employment rights by exercising little to no control of the Police Department or by implementing appropriate action steps against retaliation.

35.

After Handle's dismissal, he attempted to find employment at other law enforcement agencies, but Defendant continued to interfere with potential future employment opportunities.

36.

During the relevant period, the U.S. Department of Labor Equal Employment Opportunity Commission found Defendant did in fact retaliate against a former Police Officer who made complaints against Espinoza and that Defendant created a hostile work environment.

37.

Defendant further provided inadequate training of leadership and supervisors as to Title VII requirements and particularly sexual hostile conduct, the reporting of same and non-retaliation against any individual who reported improper or offensive conduct in good faith.

13

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 as AMENDED 1991

38.

By the above acts Defendant, the City of Dunwoody, has violated Title VII by discriminating against Handle based on subjecting Handle to a hostile work environment adversely impacting his terms and conditions of employment based on sex and retaliation for reporting sexual harassment and targeting him for a retaliatory termination.

39.

Handle is now suffering and will continue to suffer irreparable reputational and monetary damages because of Defendant's purposeful discriminatory practices unless this Court grants relief.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

      a. Declaring that the acts and practices complained of herein are in violation of Title VII and directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are

14

eliminated and do not continue to affect Plaintiff's

employment opportunities;

b. Directing Defendant to place Plaintiff in a position he would have

occupied but for Defendant's discriminatory treatment and making

him whole for all earnings he would have received but for

Defendant's discriminatory acts, including, but not limited to

wages, pension, bonuses, and other lost benefits;

c.  Directing Defendant to pay Plaintiff compensatory damages for

the injuries suffered because of Defendant's violations of Title

VII;

d. Awarding Plaintiff, the costs of this action, together with

reasonable attorneys' fees, as provided also by 42 U.S.C. §2000e-

5(k); Title VII;

e. Grant a trial by jury; and by

15

f.   granting such other and further relief as his Court deems necessary

and proper.

This the 10th day of September 2024.

/s/*Howard R. Evans*

Howard R. Evans
Ga. Bar No. 292865

Howard R. Evans & Associates
1868 Independence Square, Suite D
Atlanta, GA 30338
(770) 377-9521
Email: attorney4hrlaw@gmail.com

16

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 410-2020-05599 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. AUSTIN S HANDLE** | **(678) 852-2562** | **1995** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3985 CORDOVA LANE, CUMMING,GA 30028** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CITY OF DUNWOODY** | **15 - 100** | **(678) 382-6900** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4800 ASHFORD DUNWOODY ROAD, DUNWOODY, GA 30338** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **03-15-2020**  Latest **05-11-2020** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I was hired by the above-named employer in April 2018 as a Certified Police Officer. During my employment, I have been subjected to disparate treatment regarding a hostile work environment and harassment. I complained on multiple occasions with my most recent being in April 2020, to no avail. On May 11. 2020, I was discharged.**

**No action was taken regarding my complaint. Chief Billy Grogan stated the reason for my termination was due to untruthfulness.**

**I believe that I have been discriminated against because of my sex (male) and retaliated against for opposing unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Austin Handle on 09-24-2020 12:44 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXB A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/13/2024

**To:** Mr. Austin S. Handle
410 Silas Rd
DAHLONEGA, GA 30533
Charge No: 410-2020-05599

EEOC Representative and email:     ESTHER BEST
Investigator
esther.best@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2020-05599.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
06/13/2024
Darrell E. Graham
District Director

ExB   B